IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHON LA'ROY JOHNSON,

        Plaintiff,

    v.

PAT GARRETT, Sheriff Wash. Co.; DIANA
JIMENEZ, Food Services Dept. Wash. Co.;
PAUL S.F., Chaplain Wash. County Jail;
SGT. MONSON, #54135; SGT. LOKE,
#42214; C/O STARR, #48232; and
C/O A. NOLL, #53367,

        Defendants.

Case No. 3:20-cv-01935-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge

       Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant alleging claims related to his confinement as a pretrial detainee at the Washington County Jail. Currently before the Court is defendant Diana Jimenez and Chaplain Paul S.F.'s Motion for Summary Judgment (ECF No. 78).[1] For the reasons that follow, defendants' motion should be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

       Plaintiff filed his Amended Complaint (ECF No. 35) on September 14, 2021, when he was in the custody of the Washington County Sheriff's Department as a pretrial detainee. Plaintiff alleges defendants failed to provide a prison menu without pork, failed to adjust the meal schedule to allow plaintiff to properly observe Ramadan, misled plaintiff into consuming

---

[1] Plaintiff's claims against the remaining defendants are not the subject of the current motion for summary judgment and remain pending before the Court.

1 – FINDINGS AND RECOMMENDATION

pork products, and failed to produce a Halal diet in a manner consistent with plaintiff's religious requirements. Plaintiff contends defendants' actions violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments.

On February 11, 2022, defendants served plaintiff with a First Set of Discovery Requests, which included requests for admissions, interrogatories, and requests for the production of documents. Declaration of Vicki M. Smith in Support of Defendants Diana Jimenez and Chaplain Paul S.F.'s Motion to Compel Discovery, ECF No. 49 ("Smith Decl."), ¶ 2, Exh. A. Defendants did not receive any response to their discovery requests, and on May 25, 2022, they filed a Motion to Compel (ECF No. 48). Following numerous extensions of time granted to plaintiff, on March 15, 2023, this Court granted defendants' Motion to Compel, stating:

> [T]he Court grants defendants' Motion to Compel Discovery to the extent that plaintiff is ordered to respond to defendants' First Set of Discovery Requests within 30 days. At this time, the Court denies defendants' request to deem admitted their requests for admissions. The Court also denies plaintiff's Motion to Dismiss Defendants' Discovery Request. If plaintiff fails to respond to defendants' discovery requests within the time provided by this Order, the Court will entertain a motion for defendants to deem the requests for admissions admitted and for further sanctions as allowed under Rule 37(b).

(ECF No. 69). Plaintiff did not respond to defendants' discovery requests, and on August 21, 2023, this Court issued an Order (ECF No. 90) denying plaintiff's motion for reconsideration of the March 15, 2023, Order, and holding that "[b]ecause plaintiff failed to comply with the 3/15/2023, discovery order, the Court GRANTS defendants' motion for sanctions or alternative motion to deem admitted defendants' requests for admission to the extent that the requests for admission propounded by defendants to plaintiff are deemed admitted." ECF No. 90 (citations omitted).

Defendants filed a Motion for Summary Judgment, arguing that their requests for admission, deemed admitted, "establish all bases required to entitle defendants to summary

2 – FINDINGS AND RECOMMENDATION

judgment." Specifically, defendants argue that plaintiff is deemed to have admitted that he failed to exhaust his administrative remedies, that neither defendant had the intent to deprive plaintiff of his rights, that he was not injured, that his meals were nutritionally adequate, and that the Chaplain had no legal duty to provide food services to plaintiff and had no control over plaintiff's meals. Although defendants provide no further legal argument on any of these issues, they nonetheless contend that plaintiff's admissions have the effect of admitting to "numerous methods in which this Court can and should dismiss" plaintiff's claims against defendants. Plaintiff filed a response to defendants' Motion for Summary Judgment which focuses solely on issues involved in his pending criminal matter; he does not mention the actions or inactions of defendants and does not present any evidence contradicting defendants' claims or legal arguments refuting defendants' assertion that summary judgment is appropriate.

## LEGAL STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324.

3 – FINDINGS AND RECOMMENDATION

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

**I.    Failure to Exhaust Administrative Remedies**

Defendants' motion for summary judgment raises a failure-to-exhaust defense under the Prison Litigation Reform Act ("PLRA"). "The PLRA requires prisoners to exhaust available administrative remedies prior to filing a . . . lawsuit challenging prison conditions." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016) (citations omitted). The Supreme Court has held "that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

In *Albino v. Baca*, 747 F.3d 1162 (9th Cir 2014) (en banc), the Ninth Circuit held that the defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy, because non-exhaustion is an affirmative defense. *Id*. at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. "The ultimate burden of proof, however, remains with the defendants, and the evidence must be viewed in the light most favorable to the plaintiff." *Packnett v. Williams*, No. 09-cv-00327-YGR (PR), 2015 WL

4 – FINDINGS AND RECOMMENDATION

1478597, at *10 (N.D. Cal. Mar. 15, 2015) (citing *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Albino*, 747 F.3d at 1165.

Here, defendants asked plaintiff to "[a]dmit you did not exhaust your administrative remedies prior to filing this lawsuit." Smith Decl., Exh. 1, p. 3. As noted, this request for admission is deemed admitted. Defendants do not, however, provide any evidence to the Court establishing the method by which a person in custody at the Washington County Jail must complete the administrative review process in accordance with applicable procedural rules.

In his verified Amended Complaint, plaintiff alleges he submitted the inmate communication forms and grievances to Washington County Jail food services and to the Chaplain concerning both the halal dietary restrictions and the Ramadan observance requirements. Amended Complaint, ECF No. 35, ¶¶ 30, 32, 35, 36, and 38. Plaintiff further alleges:

> Everyone of my grievances that I have filed has been voided, claiming the filing was improper, if everyone is come back filed improper that either there is deliberate indifference or reckless disregard. Federal guidelines forbid any complicated procedure, and filing on a computer is not recognized as a legal process.

Amended Complaint, ECF No. 35, ¶ 45.

Viewed in the light most favorable to plaintiff, the allegations in his verified complaint satisfy his burden to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. In the absence of any evidence from defendants as to what steps comprised

5 – FINDINGS AND RECOMMENDATION

the administrative grievance review process at the Washington County Jail, and what steps, if any, plaintiff missed in that process, the mere fact that plaintiff is deemed to have admitted that he did not exhaust his available remedies is not sufficient to satisfy defendants' ultimate burden of proof.  As such, material facts as to the exhaustion of administrative remedies remain in dispute, and summary judgment on this basis is denied.

## II.     Relief on the Merits

As a general rule, government officials who, through actions taken under the color of law, deprive a person of any rights, privileges, or immunities secured by the Constitution and laws" can be liable to the injured party for damages and injunctive relief.  42 U.S.C. § 1983.  A government official being sued under § 1983 is protected by qualified immunity for damages from an allegedly unlawful action unless he acted in a way that a reasonable official would understand violates a clearly established right.  *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)).  To determine whether qualified immunity applies, the court must evaluate whether the alleged action amounts to a violation of a constitutional right and whether the right was clearly established at the time of the violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The Court has discretion to employ each part of the test in the manner it finds most efficient.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As noted, defendants provided no legal analysis in support of their motion beyond stating that the deemed admissions establish numerous bases upon which the Court may grant summary judgment.  Moreover, although plaintiff filed a response to defendants' Motion for Summary Judgment, his response did not address the requests for admission or otherwise provide any legal argument contravening defendants' statements.  In the absence of legal argument from either party, the Court assesses plaintiff's claims and the effect of his admissions independently.

A.  **Effect of Plaintiff's Deemed Admissions**

Beyond the exhaustion of remedies, defendants contend the following admissions by plaintiff "have the effect of admitting to numerous methods" by which this Court "can and should" grant summary judgment in defendants' favor on the merits of plaintiff's claims:

> (1) that the Chaplain is entitled to all privileges and immunities extended to governmental officials under federal and state law, including qualified immunity;
> (2) that neither Chaplain nor Jimenez acted with malicious or willful intent to deprive plaintiff of any Constitutional right or cause plaintiff any injury;
> (3) that plaintiff did not suffer any actual or concrete injury as a result of the alleged conduct relating to Chaplain or Jimenez;
> (4) that plaintiff did not suffer any lost wages or loss of earning capacity as a result of the alleged conduct relating to Chaplain or Jimenez;
> (5) that if plaintiff did suffer any injuries related to the food or religious services plaintiff received from Chaplain or Jimenez, plaintiff caused and/or exacerbated those injuries;
> (6) that, at all pertinent times, Chaplain had no legal duty to provide food services to plaintiff, including a Halal or Ramadan diet, or to adjust plaintiff's meal schedule;
> (7) that, at all pertinent times, Chaplain had no control over the meals served to you or your meal schedule; and
> (8) that, at all pertinent times, the meals served to plaintiff were nutritionally adequate.

Smith Decl., Exh. A, pp. 3-4.

As an initial matter, the Court notes that several of the requests for admissions are beyond the proper scope of normal discovery. Asking plaintiff to "admit" that the Chaplain is entitled to qualified immunity or to "admit" that the Chaplain had no legal duty to provide plaintiff a halal or Ramadan diet improperly request plaintiff to admit legal conclusions. *See Stewart v. Jacobs*, No. 2:08-cv-0027-HRH, 2010 WL 11519288, at *10 (D. Ariz. Apr. 16, 2010) (request for admission to plaintiff whether a right is clearly established for the purposes of qualified immunity was not proper under Rule 36 because it asked plaintiff to admit a legal conclusion) (citing *Rodis v. City, County of San Francisco*, 558 F.3d 964, 968 (9th Cir. 2009)); *Doster v.*

7 – FINDINGS AND RECOMMENDATION

*Beard*, No. 1:15-cv-01415-DAD-GSA-PC, 2017 WL 1354657 at *14 (E.D. Cal. April 13, 2017) (requests to admit may not be used to establish legal conclusions).

Further, asking plaintiff to "admit" that neither Chaplain nor Jimenez acted with malicious or willful intent improperly seeks an opinion from plaintiff as to defendants' motives. *See Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964) (requests for admissions are not required to be answered where they are subjective and present conditional situations and call for interpretations of documents or reports and request opinions or conclusions). Finally, asking plaintiff to "admit" that he suffered no actual or concrete injury as a result of defendants' alleged conduct improperly implicates a central fact in dispute in this action. *See Pickens v. Equitable Life Assur. Soc. Of U.S.*, 413 F.2d 1390 (5th Cir. 1962) (requests for admissions as to central facts in dispute are beyond proper scope of rule providing that requested admissions shall be deemed admitted if not answered); *In re Olympia Holding Corp.*, 189 B.R. 846 (Bkrtrcy M.D. Fla. 1995) (request for admission as to central fact in dispute is beyond proper scope of normal discovery).

    **B.**     **Religion Freedom**

To succeed on a claim under the Free Exercise Clause of the First Amendment, a plaintiff must show that a government action imposes a substantial burden on his free exercise of a sincerely held religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). When the claim is brought by an adult in custody challenging a prison regulation, the regulation may be valid even if it does infringe upon a sincerely held religious belief, but only if the regulation is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

To determine whether an infringing practice is reasonably related to a legitimate penological interest, the court must balance the following factors: (1) whether there is a "valid, rational connection" between the regulation and the legitimate interest in question; (2) whether alternative means of freely exercising the religious belief are available to the inmate; (3) the effect that accommodation, if granted, would have on the prison community and the allocation of prison resources; and (4) the presence of "ready alternatives" the prison could use to fully accommodate the inmate's rights at de minimis cost to valid penological interests. *Id*. at 89-90. Though a government policy "cannot be sustained" if it fails the first factor of the *Turner* tests, the court must otherwise analyze each factor given the totality of the circumstances. *Id*.

As a preliminary matter, evaluating the sincerity of a religious belief "is a question of fact, generally not appropriately decided in a motion for summary judgment." *Shilling v. Crawford*, No. 205CV-00889-PMP-GWF, 2007 WL 2790623, at *16 (D. Nev. Sept. 21, 2007); *see also Monts v. Arpaio*, No. CV 10-0532-PHX-FJM (ECV), 2012 WL 160246 at *3 (D. Ariz. Jan. 19, 2012) (although the plaintiff presented a "weak" case for the sincerity of his religious belief, a question of fact existed such that summary judgment on this issue was inappropriate).

In his verified Amended Complaint, plaintiff alleges facts which, viewed in the light most favorable to plaintiff, could establish that defendants failed to provide a prison menu without pork, failed to adjust the meal schedule to allow plaintiff to properly observe Ramadan, misled plaintiff into consuming pork products, and failed to produce a Halal diet in a manner consistent with plaintiff's religious requirements. Defendants submit no evidence disputing these facts, nor do they submit any evidence that could establish that jail policies concerning religious meals were reasonably related to legitimate penological interests. In the absence of such evidence, a

genuine issue of material fact exists as to whether defendants violated plaintiff's religious freedom rights under the First Amendment.

Having found a material dispute of fact, the Court turns to defendants' claim of qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (l2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). To overcome a claim of immunity, a plaintiff must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735.

As noted, whether defendants violated plaintiff's constitutional rights involves a dispute of material fact. Turning to the second prong, a right is "clearly established" when "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741. Once the defense of qualified immunity is raised by the defendant, the plaintiff bears the burden of showing that the rights allegedly violated were "clearly established." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2019).

It is clearly established law and was at the time plaintiff was in custody in 2020 and for decades before, "that the First Amendment requires prison officials to provide a diet appropriate to an inmate's sincere religious belief, not one appropriate to the institution's determination of appropriate religious observance." *Barnett v. Gipson*, No. CV 20-409-PSG(KS), 2021 WL 4352910 at *11 (C.D. Cal. July 28, 2021) (citing *Shakur*, 514 F.3d at 884-85l); *see also McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). Plaintiff alleges deliberate and intentional interference with his right to a religious diet; it is clearly established that such deliberate conduct

10 – FINDINGS AND RECOMMENDATION

supports a free exercise claim under § 1983. *Hayes v. Idaho Corr. Center*, 849 F.3d 1204, 1212 (9th Cir. 2017); *Jones v. Williams*, 791 F.3d 1023, 1033 (9th Cir. 2015). Therefore, defendants are not entitled to qualified immunity at this stage on plaintiff's religious freedom claim, therefore summary judgment is denied.

### C.     Cruel and Unusual Punishment

Plaintiff further alleges that defendants' failure to provide him with an appropriate religious diet violated his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Both the Eighth and the Fourteenth Amendments impose duties on prison or jail officials to "provide human conditions of confinement[,] . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measure to guarantee [their] safety." *Farmer v. Brennan* 511 U.S. 825, 832 (1994) (citations omitted). In the case of a person who is convicted and awaiting sentencing, the Eighth Amendment supplies the relevant standard. *Vasquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020). The claims of pretrial detainees, however, "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017). As noted, plaintiff was a pretrial detainee at the time of the claims alleged in his Amended Complaint, so the Fourteenth Amendment analysis applies.

The Court evaluates a pretrial detainee's Fourteenth Amendment claims regarding conditions of confinement under an objective deliberate indifference standard. *Castro v. City of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1123-25 (9th Cir. 2018). The elements of such a claim against an individual officer are: "(1) the defendant made an intentional decision with respect to the conditions under which the

11 – FINDINGS AND RECOMMENDATION

plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even through a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071; *see also Gordon*, 888 F.3d at 1124-25.

Here, plaintiff does not allege sufficient facts to establish that the meals provided placed plaintiff at a substantial risk of suffering serious harm; plaintiff objected to the provision of cold sack meals each evening during Ramadan instead of hot meals but admitted that the meals he received were nutritionally adequate. Prisoners must receive food that is adequate to maintain health, but the food "need not be tasty or aesthetically pleasing." *Lemaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010). Plaintiff's objection to receiving cold sack meals does not rise to the level of a violation of his right to be free from cruel and unusual punishment. *See Garnica v. Washington Dept. of Corrections*, 965 F.Supp.2d 1250, 1267 (W.D. Wash. 2013) (prisoners do not have a "constitutional right to be served a hot meal"), *aff'd* 639 Fed. App'x 484 (9th Cir 2016) (serving cold food to Muslim inmates during Ramadan did not violate Eighth Amendment when food was nutritionally adequate on all but one day); *see also Carpio v. Chief Counsel*, No. EDCF 17-2030-DDP(AGR), 2018 WL 5919474, at *6 (C.D. Cal. Aug. 8, 2018) (pretrial detainee's complaint that kosher meals were cold failed to state Fourteenth Amendment claim), *adopted* 2019 WL 11670940 (C.D. Cal. Apr. 16, 2019). Accordingly, defendants are entitled to judgment as a matter of law on plaintiff's claim of cruel and unusual punishment.

12 – FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the foregoing reasons, defendants' Motion for Summary Judgment (ECF No. 78) should be GRANTED as to plaintiff's claim of cruel and unusual punishment and DENIED as to plaintiff's religious freedom claim.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a coy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to do novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 13th day of September, 2024.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge