IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHAUN L. JOHNSON**, a/k/a Shon La'Roy Johnson,<br><br>    Plaintiff,<br><br>  v.<br><br>**PAT GARRETT**; **DIANA JIMENEZ**; **PAUL S.F.**; **SERGEANT MONSON**; **SERGEANT LOKE**; **CORRECTIONS OFFICER STARR**; and **CORRECTIONS OFFICER A. NOLI**,<br><br>    Defendants. | Case No. 3:20-cv-01935-JR<br><br>**ORDER ADOPTING F&R** |

Shaun L. Johnson, SID No. 7235453, Snake River Correctional Institution, 777 Stanton Blvd., Ontario, OR 97914-8335. Pro se.

John Mansfield, Office of the Washington County Counsel, 155 N. First Avenue, MS24, Suite 340, Hillsboro, OR 97124. Attorney for Defendants Pat Garrett, Sergeant Monson, Sergeant Loke, Corrections Officer Starr, and Corrections Officer A. Noli.

Vicki M. Smith and Helaina L. Chinn, Chinn Smith Winters LLP, 4248 Galewood Street, Lake Oswego, OR 97035. Attorneys for Defendants Diana Jimenez and Paul S.F.

**IMMERGUT, District Judge.**

  Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 1983 for alleged violations of his First, Eighth, and Fourteenth Amendment rights while in pretrial custody at the

PAGE 1 – ORDER ADOPTING F&R

Washington County Jail. Amended Complaint, ECF 35. Plaintiff, who is Muslim, alleges that Defendants failed to provide a halal diet, failed to adjust the meal schedule to allow him to observe Ramadan, misled him into consuming pork, and retaliated against him for filing grievances. Following a discovery dispute, Judge Russo granted Defendants' motion to deem admitted Defendants' requests for admission. Order, ECF 90. Defendants Diana Jimenez and Paul S.F. then brought the instant Motion for Summary Judgment ("Mot."), ECF 78.[1] Defendants argue that Plaintiff's claim against them fails because he "admitt[ed] all key elements of his case." *Id.* at 5.

Magistrate Judge Russo recommends that this Court grant in part and deny in part Defendants' motion. Findings and Recommendation ("F&R"), ECF 116 at 1. Both sides filed objections, ECF 118, 119, and Plaintiff filed a response, ECF 125. This Court has reviewed de novo the portions of the F&R to which the parties objected. For the following reasons, the Court adopts Judge Russo's F&R, and addresses the parties' objections.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further

---

[1] Defendants Garrett, Loke, Monson, Starr and Noli did not file dispositive motions.

PAGE 2 – ORDER ADOPTING F&R

review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court begins by elaborating upon the F&R's assessment of the effect of Plaintiff's deemed admissions, then turns to the admissibility of Plaintiff's verified complaint, and then addresses Defendants' affirmative defense of failure to exhaust administrative remedies. All other portions of the F&R are adopted in full.

### A. Effect of Plaintiff's Admissions

Defendants argue in their motion that Plaintiff's claim fails because he admitted (1) that he failed to exhaust administrative remedies; (2) that Defendant S.F. is entitled to qualified immunity; (3) that Defendants did not have the intent to deprive him of his rights; (4) that he was not injured; (5) that he suffered no lost wages; (6) that he caused his own injuries, if any; (7) that Defendant S.F. had no legal duty to provide food services to him; (8) that Defendant S.F. had no control over his meals; and (9) that his meals were nutritionally adequate. Mot., ECF 78 at 5. As the F&R notes, "[D]efendants provided no legal analysis in support of their motion beyond stating that the deemed admissions establish numerous bases upon which the Court may grant summary judgment." ECF 116 at 6.

Judge Russo found that "several of the requests for admissions are beyond the proper scope of normal discovery" because they asked Plaintiff to admit pure legal conclusions and opine on Defendants' motives, as well as implicating central facts in dispute. *Id.* at 7–8. This Court agrees. But more importantly, the admission fails to provide facts necessary for this Court to find as a matter of law that Plaintiff has indeed failed to exhaust his administrative remedies. While not discussed in the F&R, this Court concludes that Defendants' request that Plaintiff concede his failure to exhaust is also beyond the proper scope of discovery.

PAGE 3 – ORDER ADOPTING F&R

First, this request improperly asks Plaintiff to admit a legal conclusion. The request stated: "Admit you did not exhaust your administrative remedies prior to filing this lawsuit." Requests for Production, ECF 49-1 at 3. In essence, this request asks Plaintiff to concede "exhaustion," a term of art defined by the Prison Litigation Reform Act ("PLRA") and by Supreme Court and Ninth Circuit case law. *See Jackson v. Fong*, 870 F.3d 928, 932 (9th Cir. 2017) ("Interpretation of the PLRA is a question of law."); *Woodford v. Ngo*, 548 U.S. 81, (2006) (describing "exhausted" as a "term of art" in the PLRA). This request "do[es] not reference of the facts of this case." *Holston v. DeBanca*, No. CIV S-09-2954, 2012 WL 843917, at *13 (E.D. Cal. Mar. 12, 2012). Defendants did not ask Plaintiff to concede any underlying facts, like that he failed to timely file a particular grievance or to appeal it.

Second, the request is unreasonably vague. Although the request asked Plaintiff to admit that he did not exhaust his "administrative remedies," it did not define that term, such as by referring to a specific jail grievance system. Requests for Production, ECF 49-1 at 3. Under the PLRA, administrative remedies need only be exhausted if they are "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Even taking this request as admitted, it is unclear what administrative remedies were available to Plaintiff or whether he failed to exhaust his administrative remedies because they were unavailable.

Defendants argue that courts lack discretion to review admissions once admitted. Defendants' Objections, ECF 118 at 5–6. While it could be an abuse of discretion for a court to sua sponte withdraw admissions without a proper motion, *Layton v. Int'l Ass'n of Machinists*, 285 F. App'x 340, 341 (9th Cir. 2008), the F&R did not withdraw the admissions. Instead, the F&R clarified what Plaintiff was deemed to have admitted. A party cannot be deemed to have admitted legal conclusions and other improper requests. *See Denson v. UFI Transp. LLC*, No.

PAGE 4 – ORDER ADOPTING F&R

21-CV-00722, 2022 WL 2162944, at *5 n.1 (C.D. Cal. Feb. 25, 2022). The F&R properly analyzed whether the requests contained facts, or merely legal conclusions that are beyond the scope of admissions.

### B. Plaintiff's Verified Complaint

The F&R considered various allegations in Plaintiff's Amended Complaint as evidence that administrative remedies were unavailable to him and that Defendants violated Plaintiff's First Amendment rights. F&R, ECF 116 at 5, 9. Defendants argue that it was improper to consider the Amended Complaint as evidence because it is not a verified complaint. Defendants' Objections, ECF 118 at 6.

Federal law provides that, for a complaint to be verified, it must be "in substantially the following form":

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

28 U.S.C. § 1746(2). Plaintiff's complaint lacks the phrase "under penalty of perjury." It states:

> Pursuant to 28 U.S.C., Sec., 1746(2), I hereby verify and declare that the foregoing is true and correct.

Amended Complaint, ECF 35 at 30. Defendants argue that an acknowledgment of the penalty of perjury is "mandatory." Defendants' Objections, ECF 118 at 6–8.

Considering Plaintiff's pro se status, the fact that his language "substantially" matches that in the statute, and his explicit reference to 28 U.S.C. § 1746, this Court concludes that Judge Russo properly found that Plaintiff's Amended Complaint was verified. *See Soto v. Castlerock Farming & Transp., Inc.*, No. 9-CV-00701, 2011 WL 2680839, at *4 n.6 (E.D. Cal. July 8, 2011) (finding that declaration was verified despite its omission of the language "under penalty of perjury"). Plaintiff's words "expressed the fact that he . . . [wa]s impressed with the solemnity and importance of his . . . words and of the promise to be truthful, in moral, religious, or legal

PAGE 5 – ORDER ADOPTING F&R

terms." *United States v. Bueno-Vargas*, 383 F.3d 1104, 1110 (9th Cir. 2004). The F&R properly considered the allegations therein for the purposes of this motion.

### C. Exhaustion

The F&R ultimately recommends that summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies should be denied. F&R, ECF 116 at 6. This Court agrees. As discussed above, the F&R properly considered Plaintiff's verified complaint, in determining whether Plaintiff exhausted his administrative remedies. But whether Plaintiff presented sufficient evidence to carry his burden regarding exhaustion is ultimately beside the point. Exhaustion is an affirmative defense, and Defendants failed to carry their initial "burden of showing that an administrative process was available to [Plaintiff] and that [Plaintiff] failed to exhaust it." *Fordley v. Lizarraga*, 18 F.4th 344, 350–51 (9th Cir. 2021). Defendants did not provide any evidence in support of their summary judgment motion, and thus have not "establish[ed] the method by which a person in custody at the Washington County Jail must complete the administrative review process in accordance with applicable procedural rules" to grieve a dietary issue. F&R, ECF 116 at 5. Further, because this Court does not consider Plaintiff's improper admission, there is no evidence Plaintiff failed to exhaust any administrative remedies. Thus, the burden never shifted to Plaintiff to show that any "generally available administrative remedies [were] effectively unavailable to him." *Fordley*, 18 F.4th at 351. Summary judgment to Defendants is not warranted on their failure-to-exhaust affirmative defense.

## CONCLUSION

Judge Russo's F&R, ECF 116, is ADOPTED as set forth above. Defendants' Motion for Summary Judgment, ECF 78, is GRANTED as to Plaintiff's claim for cruel and unusual

PAGE 6 – ORDER ADOPTING F&R

punishment against Defendants Jimenez and S.F. and DENIED as to Plaintiff's religious freedom claim against Jimenez and S.F.

**IT IS SO ORDERED**.

DATED this 11th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge